MATTER OF M—

In DEPORTATION Proceedings

A-10291348

*Decided by Board October 26, 1960*

**False testimony—Section 101(f)(6)—Timely retraction overcomes bar to relief.**

An alien is not barred by section 101(f)(6) of the Immigration and Nationality Act from establishing good moral character where he has made a voluntary and timely retraction of attempted false testimony in statement made before immigration officer.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant crewman—remained longer.

**BEFORE THE BOARD**

**DISCUSSION:** The respondent appeals from a decision of the special inquiry officer denying him the privilege of voluntary departure in lieu of deportation. Deportability on the charge laid under section 241(a)(2) of the Immigration and Nationality Act is conceded (8 U.S.C. 1251(a)(2)).

The respondent, a native and citizen of Italy, 32 years of age, last entered the United States on July 10, 1956, through the port of Fort Lauderdale, Florida. He has remained continuously in the United States beyond the period of his admission as a seaman. He is deportable on the charge stated in the order to show cause.

The respondent has applied for the privilege of voluntary departure in lieu of deportation (section 244(e) of the Immigration and Nationality Act, 8 U.S.C. 1254(e)). The special inquiry officer relies upon the provisions of section 101(f)(6) of the Immigration and Nationality Act (8 U.S.C. 1101(f)(6)) to sustain his conclusion that the respondent is statutorily ineligible for voluntary departure. Counsel on appeal urges error in this conclusion.

The special inquiry officer finds that the respondent has not established good moral character for the period required by the statute because he (respondent) "has given false testimony" for the purpose of obtaining a benefit under the immigration laws. The basis for

118

this finding is a statement taken from the respondent by an immigration officer at the International Airport, San Juan, Puerto Rico, on July 24, 1960. The respondent in his statement to the immigration officer attempted to establish that he' was an alien lawfully residing in the United States. However, prior to the completion of the statement he volunteered that he had entered the United States unlawfully.

Counsel, *inter alia*, urges that respondent's statement is not "false testimony" as a matter of law because there was "timely recantation" of his own volition and without delay.

"Testimony" is the evidence given by a competent witness *under oath or affirmation*, as distinguished from writings and other sources (*Edelstein* v. *United States*, 149 Fed. 636). We have held that where an alien in an immigration proceeding testifies falsely under oath as to a material fact but voluntarily and without prior exposure of his false testimony comes forward and corrects his testimony, perjury has not been committed and the charge based thereon is not sustained (*Matter of R—R—*, 3—823, B.I.A., Dec. 13, 1949, and cases cited).

Respondent's testimony in the statement taken from him on July 24, 1960, falls squarely within the purview of our holding in *Matter of R—R—*, *supra*. The respondent voluntarily and prior to any exposure of the attempted fraud corrected his testimony that he was an alien lawfully residing in the United States.

We find no basis for applying a different rule with respect to a voluntary recantation without prior exposure when an application for discretionary relief under section 244(e) is involved than we apply when the issue is one of deportation or exclusion based upon the commission of prejury. We have held that the "false testimony" contemplated by section 101(f)(6), *supra*, must be given under oath.[1] By the same token, an oath or affirmation is an essential element of the crime of perjury.

As a matter of law, the respondent is not barred by the provisions of section 101(f)(6), *supra*, from establishing his good moral character. We conclude that he has met the burden of establishing good moral character for the statutory period. We also conclude that he is statutorily eligible for the relief he seeks. Applying the criteria set forth in *Matter of M—*, 4—626, B.I.A., Apr. 22, 1952, the respond-

---

[1] *Matter of G—*. 6—208. B.I.A., July 13, 1954. There is a conflict between the respondent's testimony and the transcript of respondent's statement as to whether the respondent was actually under oath when the statement was taken. We will accept the respondent's testimony during the course of the hearing that he was actually under oath in light of our finding that there was an effective recantation.

ent's application for voluntary departure will be denied as a matter of administrative discretion. An appropriate order will be entered.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.